United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 05-30106
Summary Calendar

—————————

LONDELL HARPER, JR.,

                                                           Plaintiff-
                                   Appellant,

                         versus

JERRY GOODWIN; JOHN STEPHENSON;
EARL BENSON; VENETIA MICHAEL;
JOHN ROBINSON,

                                                           Defendants-
                         Appellees.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-1357
-----------------------------------------------------------------

Before BARKSDALE, STEWART AND DENNIS, Circuit Judges.

PER CURIAM:[*]

Londell Harper, Jr., Louisiana prisoner # 386923, appeals the district court's dismissal of

his civil rights action as frivolous and for failure to state a claim. To the extent that Harper alleges

that he was denied due process in conjunction with his disciplinary hearing, his placement in

administrative segregation for 23 days is insufficient to raise due process concerns. *See Sandin*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*v. Conner*, 515 U.S. 472, 484 (1995). Although a loss of good time credits requires the prisoner to receive due process protections, *see Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997), Harper's credits were restored when the disciplinary conviction was overturned on direct appeal.

Harper also contends that his constitutional rights were violated when he was falsely accused of participating in a sex offense. This allegation is insufficient to invoke the Constitution. See *Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir. 2003)(en banc)(no federal constitutional claim based on tort of malicious prosecution).

Harper's appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we DISMISS Harper's appeal as frivolous. *See* 5th Cir. R. 42.2. This dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous and for failure to state a claim constitute two strikes for the purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). If Harper obtains three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.